# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Dennis K.,**
**Petitioner Below, Petitioner**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0857**  (Mason County 11-C-70)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dennis K.,[1] by counsel Paul A. Knisley and Kevin Hughart, appeals the August 17, 2016, order of the Circuit Court of Mason County that denied, in part, and granted, in part, his petition for writ of habeas corpus following his jury conviction on forty-three counts relating to the sexual abuse and assault of three minors. The State of West Virginia, by counsel Benjamin F. Yancey, III, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 6, 2008, a grand jury returned a sixty-five count indictment against petitioner alleging eleven counts of sexual assault in the first degree; six counts of sexual abuse by a custodian; eight counts of sexual assault in the second degree; eight counts of sexual assault in the third degree; six counts of child abuse resulting in bodily injury; thirteen counts of sexual abuse by a parent; and thirteen counts of incest. The crimes were alleged to have occurred in Mason County between 1994 and 2005. The victims were petitioner's two daughters and step-daughter who, when the crimes herein commenced, ranged in ages from six to fourteen.

Following a three-day trial, which concluded on February 27, 2009, the jury convicted

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

petitioner on forty-three counts of the indictment.[2] The circuit court denied petitioner's motion for a new trial. In a renewed motion for judgment of acquittal, petitioner sought to set aside the guilty verdicts as to Counts 56, 57, 58, and 59 on the ground that each count alleged that the crimes occurred in 2003 whereas the evidence demonstrated that the sexual abuse ended in 2002. The circuit court granted petitioner's motion and dismissed these four counts. The trial court sentenced petitioner on the remaining counts on June 4, 2009. Petitioner's direct appeal to this Court was filed on November 10, 2009, and was refused by order entered on May 10, 2010.

Thereafter, petitioner, through counsel, filed an amended petition for writ of habeas corpus in which he alleged that the circuit court imposed an illegal sentence for his convictions on six counts of sexual abuse by a parent or custodian, under West Virginia Code § 61-8D-5, because the sentences were imposed under the statute in effect at the time of sentencing rather than at the time the crimes occurred; that petitioner received an unfair trial due to the bias of two jurors, one of whom was acquainted with two of the victims' step-father and petitioner's ex-wife and who also failed to disclose during voir dire that her brother was allegedly sexually assaulted in 1964, while the other juror failed to disclose that his brother was previously accused of sexually assaulting a young girl; and that counsel was ineffective based upon allegations that trial counsel failed to hire an investigator until twelve days before trial, failed to respond to petitioner's request that psychological evaluations of the victims be performed, failed to interview the State's witnesses, failed to request a bill of particulars, failed to use impeachment and exculpatory evidence, failed to engage in effective cross-examination of the State's witnesses, failed to strike certain jurors, failed to retain and/or use an expert witness, failed to adequately investigate the case, failed to object to allegedly prejudicial or inflammatory statements by the prosecutor, failed to give an effective closing argument, failed to investigate double jeopardy issues, and failed to poll the jury.

Petitioner's request for habeas relief also included allegations that the prohibition against double jeopardy was violated; that there was prosecutorial misconduct based upon allegations that the prosecutor "testified" before the grand jury, interjected her belief that petitioner was guilty during closing argument, shifted the burden of proof to petitioner, bolstered the testimony of the State's witnesses, violated her duty of fairness and impartiality, and attacked petitioner's character in her opening statement. Finally, petitioner's habeas petition alleged that the indictment was faulty, that evidence was improperly admitted at trial under West Virginia Rule of Evidence 404(b), and that the testimony of one of the State's expert, Susan McQuaid, violated the prohibition against inadmissible hearsay under West Virginia Rule of Evidence 803(4).

In lieu of an omnibus hearing, at petitioner's request, deposition testimony was taken from a trial juror, defense counsel, an expert, and petitioner, and considered by the circuit court. By order entered August 17, 2016, the circuit court granted petitioner's request for relief only insofar as it found that his sentence should be amended to reflect the proper sentencing under the statute in effect during the time that the six violations of West Virginia Code § 61-8D-5

---

[2] During the course of the trial, the court dismissed Count 40 of the indictment as duplicative of Count 51 and granted petitioner's motion for judgment of acquittal or dismissal as to Count 17.

2

transpired.[3] This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner raises the same arguments that he presented in the habeas proceeding below, with the exception of his claims that the prosecutor acted with prejudice by effectively testifying before the grand jury, that the indictment was faulty, and that Rule 404(b) evidence was improperly admitted, all of which petitioner has explicitly withdrawn on appeal. As to petitioner's remaining assignments of error, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny habeas relief based on these errors, which were also argued below. Indeed, the circuit court's fifty-six page order includes well-reasoned findings and conclusions as to the assignments of error now raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised on appeal and direct the Clerk to attach a copy of the circuit court's August 17, 2016, "Comprehensive Order Denying Post-Conviction Habeas Corpus Relief[,] in part, Granting Post-Conviction Habeas Corpus Relief[,] in part, and Amending Sentencing Order," to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3] Petitioner was sentenced to not less than ten nor more than twenty years on each of the six counts. The statute in effect at the times the crimes herein were alleged to have occurred (1994 through 1998) provided for a sentence of not less than five nor more than fifteen years.

3